# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES JASMINE | CIVIL ACTION |
| VERSUS | NO. 06-512 |
| CORNEL HUBERT, WARDEN<br>AND ATTORNEY GENERAL<br>STATE OF LOUISIANA,<br>CHARLES C. FOTI, JR. | SECTION "C" |

## ORDER AND REASONS

Before the Court is a petition for *habeas corpus* by James Jasmine ("Petitioner"), filed

pursuant to 28 U.S.C. § 2254. Petitioner is seeking relief from his September 18, 1997

conviction for attempted armed robbery under LA. REV. STAT. § 14:27(64),  for which, after a

multiple bill hearing, he was sentenced to twenty-four years and three months at hard labor,

without the benefit of parole, probation or suspension of sentence pursuant to LA. REV. STAT. §

15:529.1. Petitioner is currently incarcerated at the Elayn Hunt Correctional Facility in St.

Gabriel, Louisiana. As grounds for relief Petitioner claims that there was insufficient evidence to

support the conviction. Additionally, Petitioner claims ineffective assistance of counsel because

his trial attorney: (1) failed to seek a special jury charge on the law regarding accessories after

the fact ; (2) failed to object to the prosecution's introduction of Stephen Windsor's[1] statement;

---

[1] Stephen Windsor was the co-defendant.

1

(3) failed to object to the victim's testimony regarding one of Petitioner's statements to the police. For the reasons set forth below, this petition is **DENIED WITH PREJUDICE**.

I. CASE HISTORY

On April 22, 1997, the Orleans Parish District Attorney filed a bill of information charging Petitioner with attempted armed robbery. State Rec., Vol. 1, Multiple Bill of Information. Following a trial on September 18, 1997, Petitioner was found guilty as charged. State Rec. Vol. 1, Clerk's Minute Entry. At the Multiple Bill hearing on October 3, 1997, the Petitioner was found guilty as a second felony offender. *Id.* Petitioner twenty-four years and three months at hard labor, without the benefit of parole, probation or suspension of sentence pursuant to LA. REV. STAT. § 15:529.1. *Id.* Petitioner filed a motion to reconsider the sentence which was denied; a motion to appeal was granted, and the Louisiana Appellate Project was appointed to represent Petitioner. *Id.* Petitioner's first appeal was deemed premature by the Fourth Circuit Court of Louisiana because the sentencing transcript was deficient. State Rec. Vol. 3 Supplemental, Opinion of the Fourth Circuit Court of Appeal in case no. 2001-KA-0085, p. 1. The appellate court remanded for re-sentencing. On July 12, 2000, the trial court re-sentenced Petitioner to serve twenty-five years and three months without the benefit of parole, probation or suspension of sentence, but with credit for time served. State Rec. Vol. 1, Clerk's Minute Entry. Petitioner filed a second appeal; the Fourth Circuit Court summarized the facts of case as follows:

> On February 25, 1997, at approximately 1:30 a.m., Lionel Weston returned to his home at Piety and Marais Streets. He testified that just before he parked his truck, he saw three men walking down Marais. He further testified that after he stopped, he sat in the truck gathering various belongings and that he then heard a voice. As he opened the door of his truck, he realized someone was standing there. Weston

testified that this person ordered him out of the truck and told him he was "jacked." Weston saw that he had a gun. Weston also had a gun, and the two men exchanged gunfire. Weston testified that one of the other man's shots hit his gun, causing him to drop it. He also heard the other man yell, "Man, that mother got a gun, he got a gun" to the men who stood across the street. Weston exited his truck and saw the gunman being supported by the two other men. Weston ran into his house and called the police.

Officer Terrell Seiber testified that he and his partner, Melvin Labeau, responded to a call of an aggravated battery be shooting at 1217 Desire Street, which was around the corner from Piety and Marais. When they arrived at the scene, they were met by James Jamsmine, who told the officers that his friend had been shot. The officers went into the alleyway of the residence at 1217 Desire, where they found Stephen Windsor with a gunshot wound in his abdomen. Officer Seiber testified that Windsor told him that he was at the intersection of Piety and Marais when someone in a vehicle pulled up and shot him for no reason.

Officer Seiber went to that intersection, where he was flagged down by Weston. Officer Seiber stated that at the same time, he received [a] call about an attempted armed robbery at the same location. Weston told Officer Seiber that someone had tried to rob him and that he and the would-be robber exchanged gunfire. Weston was taken to the Desire Street location, where he identified Jasmine as one of the people who was with his assailant. Seiber testified that Windsor had already been taken to the hospital when Weston made the identification of Jasmine. He further testified that Weston identified the jacket worn by Windsor, which had been left at the scene, as that worn by the man who tried to rob him.

The police interviewed Windsor at the hospital, and he told them that he was with Jasmine and his brother James at the corner of Piety and Marais when he was shot for no reason. Weston later identified Windsor in a photographic lineup as the man who tried to rob him. He was shown another lineup containing the picture of Windsor's brother, but he was unable to make an identification.

State Rec. Vol. 3 Supplemental, Opinion of the Fourth Circuit Court of Appeal in case no. 2001-KA-0085, pp. 2-3 (quoting *State v. Jasmine & Windsor*, 98-KA-0243, pp. 2-3 (La.App. 4 Cir. 5/24/00).

On May 16, 2001, the Louisiana Court of Appeal for the Fourth Circuit affirmed Petitioner's sentence and conviction. State Rec. Vol. 3 Supplemental, Opinion of the Fourth Circuit Court of Appeal in case no. 2001-KA-0085. And, on May 24, 2002, the Louisiana

Supreme Court denied Petitioner's Writ of Certiorari and/or Review. *State v. Jasmine*, 816 So.2d 297 (La. 2002).

Subsequently, Petitioner filed an application for post-conviction relief with the trial court on January 15, 2003. State Rec., Vol. 1, Application for Post-Conviction Relief. The trial court denied relief on March 19, 2004. State Rec. Vol. 1 Supplemental, Docket Master. Petitioner sought relief from the Louisiana Fourth Circuit Court; the writ application was granted, but relief was denied on August 9, 2004. State Rec. Vol. 1 Supplemental, Order of the Fourth Circuit Court of Louisiana. On December 19, 2004, Petitioner filed a writ to the Louisiana Supreme Court on December 19, 2004. The state Supreme Court denied Petitioner's writ on November 29, 2005. *State ex rel. Jasmine v. State*, 916 So.2d 163 (La. 2005). Petitioner filed the instant *habeas* petition on January 18, 2006.[2]

## II. PROCEDURAL REVIEW

The State asserts that Petitioner untimely filed for *habeas corpus* relief; upon review, this Court agrees. The Anti-terrorism and Effective Death Penalty Act of 1996[3] ("AEDPA") requires that a *habeas* petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which his or her conviction or sentence becomes "final."[4] Yet, AEDPA's one-year statute of

---

[2] A *pro se* petitioner files his or her petitioner for prescriptive purposes on the date that it is signed. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also United States v. O'Kaine*, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997) (inferring that the signature date on the movant's 28 U.S.C.§ 2255 motion to vacate was the date the movant deposited the motion with prison officials for forwarding to the court.)

[3] Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

[4] 28 U.S.C.§ 2254(d) provides:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

limitations is tolled for the period of time during which a properly filed application for state

post-conviction relief or other collateral review attacking a conviction or sentence is pending in

state court. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

Furthermore, "a properly filed application is one submitted according to the state's procedural

requirements, such as the rules governing notice and the time and place of filing." *Villegas v.*

*Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd

Cir. 1998) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000). Finally,

out of an abundance of caution, this Court construes any tolling ambiguities in favor of a

petitioner. *See, e.g., Navarre v. Stalder,* 2007 WL 1702774, *5 (E.D.La. 2007).

The Supreme Court has ruled that  "finality attaches when this Court affirms a conviction

on the merits on direct review or denies a petition for a writ of certiorari, or when the time for

filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also,*

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The Fifth Circuit has held, "[w]e find no

reason to look to state law to determine when a state conviction becomes final for the purposes

of § 2244(d)(1)(A)." *Roberts*, 319 F.3d at 694. Indeed, "[t]he language of § 2244(d)(1)(A)

---

limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* (internal quotations omitted). Specifically, the *Roberts* court held, "[i]f the defendant stops the appeal process before [applying to the United States Supreme Court for a Writ of Certiorari], the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* A petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. SUP. CT. R. 13(1). As noted above, the Louisiana Supreme Court denied Petitioner's direct appeal on May 24, 2002. *State v. Jasmine*, 816 So.2d 297 (La. 2002). Petitioner did not appeal to the United States Supreme Court. Therefore, Petitioner's conviction became "final" on August 22, 2002, ninety days after the Louisiana Supreme Court's decision.

Next, Petitioner filed his application for post-conviction relief with the state trial court on January 15, 2003. State Rec., Vol. 1, Application for Post-Conviction Relief. Consequently, 146 of Petitioner's 365 days under the AEDPA's statute of limitations elapsed between the "finalization" of the trial court's judgment and the commencement of Petitioner's post-conviction proceedings.

The AEDPA's statute of limitations remained tolled for the duration of time in which Petitioner's properly filed post-conviction relief application was "pending" in the state judicial system. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). In this case, the issue is whether Petitioner's application for post-conviction relief was "pending" after the Louisiana Fourth Circuit denied relief on August 9, 2004. The state asserts that Petitioner failed to comply with Louisiana Supreme Court Rule X, § 5, which allows thirty (30) days to file a

writ.[5] The parties agree that Petitioner's post-conviction relief application was denied by the state appellate court on August 9, 2004, yet Petitioner did not file his writ to the state supreme court until December 19, 2004.

The state relies on *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000) for the proposition that Petitioner's post-conviction application was no longer "pending" under the AEDPA when the time for seeking further review in state court expired pursuant to Louisiana Supreme Court Rule X. Fed. Rec. Response to *Habeas* Petition, p. 3. On that basis, the state argues that Petitioner's application for post-conviction relief ceased to toll the AEDPA's statute of limitations, making his *habeas* petition untimely. In opposition, Petitioner asserts that he had thirty (30) days from December 1, 2004 to file his writ with the Louisiana Supreme Court because the Louisiana Fourth Circuit Court sent notice of their writ denial on December 1, 2004. Specifically, Petitioner quotes the clause in Louisiana Supreme Court Rule X, § 5 stating that an appeal shall me made, "within thirty days of the mailing of the notice of the original judgment of the court of appeal." Fed. Rec. Petitioner's Traverse to State's Response to Habeas Corpus Petition, p. 2.

The Court notes that the Fourth Circuit Court of Appeal letter that Petitioner included in his traverse states, **"As requested**, please find enclosed writ 2004-K-0659." Fed. Rec.

---

[5] Louisiana Supreme Court Rule X, § 5 states:

An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.

Petitioner's Traverse to State's Response to Habeas Corpus Petition, Letter to Petitioner from Louisiana Fourth Circuit Court of Appeal (emphasis added). Thus, Petitioner is actually asserting that the Fourth Circuit's response to his request for notice replaced the date that the Fourth Circuit "mail[ed] notice of the original judgment" pursuant to Louisiana Supreme Court Rule X, § 5. However, a request for additional notice of the court's ruling cannot re-start the time to appeal under Louisiana Supreme Court Rule X, § 5. *Williams*, 217 F.3d at 308 (stating, "Rule X, § 5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit."). In this case, Petitioner's counsel appeared in the trial court on August 17, 2004 to file into the record a copy of the Fourth Circuit Court's order denying post-conviction relief. State Rec. Vol. 3, Docket Master Entry, p. 6. Therefore, this Court agrees with the state that Petitioner's application to the Louisiana Supreme Court on December 19, 2004 was outside the thirty (30) days allowed by Rule X, § 5(a).

Furthermore, the facts and procedural history of this case match with those described in *Williams v. Cain*. In *Williams*, the petitioner's application seeking post-conviction relief in the Louisiana trial court ceased to be "pending" within the meaning of section 2244(d)(2) when he failed to timely file an application for a supervisory writ with the Louisiana Supreme Court. *Williams*, 217 F.3d at 309-10. As in *Williams*, the Petitioner in this case failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ outside the thirty (30) day window for "properly filed" review. Again, Rule X, § 5(a) expressly prohibits any extension of the thirty-day period; thus, the letter from the Fourth Circuit addressing Petitioner's request for notice did not re-start the thirty (30) day time period. Additionally, just as in *Williams*, there is no evidence to suggest that the Louisiana Supreme Court considered

8

Petitioner's untimely application for a supervisory writ on the merits. Accordingly, Petitioner's application for post-conviction relief to the Louisiana Supreme Court was neither "properly filed," nor "pending" to toll the AEDPA statute of limitations. *See e.g., Williams*, 217 F.3d at 310-11. Consequently, the statute of limitations ran untolled from September, 2004.[6] Given this procedural background, the time for filing a petition for *habeas corpus* in this Court expired in April 2005.[7] Here, the *habeas* petition was untimely because it was filed on January 18, 2006.

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding Petitioner's federal application for *habeas corpus* relief. Accordingly, this Court is barred by AEDPA's statute of limitations from entertaining Petitioner's request for relief.

---

[6] September 8, 2004 was thirty (30) days after the Fourth Circuit denied Petitioner's writ; September 17, 2004 was thirty (30) days after Petitioner's counsel appeared in court to enter the Fourth Circuit Court's order denying relief.

[7] Note, 146 days had already passed untolled, from the time Petitioner's conviction was "finalized" to the time Petitioner tolled the AEDPA by filing for post-conviction relief. Thus, Petitioner had 219 untolled days from either September 8 or September 17, 2004 to apply for *habeas* relief in federal court. Those 218 days expired in April 2005.

III. CONCLUSION

Having considered the complaint, the record, and the applicable law, it is determined that

Petitioner's claims are time barred. Accordingly, it is **ORDERED** that the petition of James

Jasmine be **DENIED WITH PREJUDICE**. Judgment will be entered accordingly.

New Orleans, Louisiana this 22nd day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE